```
         IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                CENTRAL DIVISION
_____

RORY J. SCHULTZ,                  )
                                  )
          Petitioner,             )   Case No. 2:05-CV-1003 TS
                                  )
     v.                           )   District Judge Ted Stewart
                                  )
STATE OF UTAH,                    )   **MEMORANDUM DECISION**
                                  )
          Respondent.             )   Magistrate Judge David Nuffer
_____
```

Petitioner, Rory J. Schultz, an inmate at Utah State Prison, petitions for habeas corpus relief.[1] The Court denies him.

### BACKGROUND

Petitioner's final judgment of conviction was entered November 4, 2002. He was convicted of four second-degree-felony counts of sexual abuse of a child, for which he was sentenced to one-to-fifteen years per count. Petitioner's *pro se* notice of appeal was untimely filed, so he had no direct appeal.

He later brought a state post-conviction petition, which was dismissed for failure to state a claim upon which relief could be granted. With the help of *pro bono* counsel, Petitioner then filed an amended petition, putting forth the single claim that his trial counsel was ineffective for failing to file a notice of appeal. After an evidentiary hearing, the post-conviction court denied Petitioner's claim. The denial was affirmed by the Utah

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

Court of Appeals.  The Utah Supreme Court then refused a petition for certiorari review.

In that petition, Petitioner raised all the same issues he brings in his pro se petition here:  (1) His exhausted claim of ineffective assistance of trial counsel, asserting that counsel did not file an appeal as required; (2) an attack on his guilty plea as unknowing and involuntary; (3) an attack on his confession as coerced and violating his right against self incrimination; (4) an allegation that favorable evidence was withheld from him; and (5) ineffective assistance of trial counsel for failing to thoroughly investigate his case.  So, issues two through five were not challenged before the Utah Court of Appeals before being brought before the Utah Supreme Court.

The State responds to the petition, arguing that all grounds--except issue one, brought before both the Utah Court of Appeals and the Utah Supreme Court--are procedurally defaulted.

ANALYSIS

I.  Exhaustion and Procedural Default

It is true that all issues brought by Petitioner--except the first one properly raised before the Utah Supreme Court--are procedurally barred.  In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all

remedies in the Utah courts.[2]  This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[3]  Here, because he did not first raise them in the Utah Court of Appeals, Petitioner did not properly present his other issues--attacking his guilty plea, confession, the withholding of exculpatory evidence, and the failure of his attorney to adequately investigate--to the highest Utah court available, the Utah Supreme Court.  These claims are thus procedurally defaulted.

This Court may not consider issues "defaulted in state court on independent and adequate state procedural grounds 'unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"[4]  Under Utah law, "[i]ssues not raised in the court of appeals may not be raised on certiorari unless the issue arose for the first time out of the

---

[2] *See* 28 U.S.C.S. § 2254(b) & (c) (2008); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998).

[3] *See Picard*, 404 U.S. at 275-76; *Knapp*, 1998 WL 778774, at *2-3.

[4] *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

court of appeals' decision."[5] The issues at hand did not arise for the first time from the court of appeals' decision. Based on the Court's review of Utah cases, this rule is an "independent and adequate state procedural ground" for dismissal of Petitioner's case in that it is "'strictly or regularly followed' and employed 'evenhandedly to all similar claims.'"[6] Under the federal law outlined earlier, this Court must therefore dismiss Petitioner's defaulted issues unless cause and prejudice or a fundamental miscarriage of justice redeems their default.[7]

Petitioner has specifically argued neither cause and prejudice nor a fundamental miscarriage of justice. Even so, interpreting his petition generously as it must, the Court determines Petitioner has indirectly raised both grounds.

The Court first addresses cause and prejudice. "The 'cause and prejudice' standard applies to pro se prisoners just as it

---

[5] *DeBry v. Noble*, 889 P.2d 428, 444 (Utah 1995); *see also Zampedri v. Utah*, No. 06-4223, 2007 WL 756451, at *2 (10th Cir. Mar. 14, 2007) (unpublished) ("As correctly decided by the district court, Zampedri procedurally defaulted with respect to his . . . claims because he did not raise them before the Utah Court of Appeals on direct appeal.").

[6] *See Hamm*, 300 F.3d at 1216 (quoting *Hickman v. Sears*, 160 F.3d 1269, 1271 (10th Cir. 1998)) (quotation omitted in original); *see, e.g., Hansen v. Eyre*, 116 P.3d 290, 292 n.3 (Utah 2005) (stating issue raised on certiorari review but not first brought before Utah Court of Appeals unqualified for further consideration); *Collins v. Sandy City Bd. of Adjustment*, 52 P.3d 1267, 1271 n.3 (Utah 2002) (same).

[7] See Gonzales v. *Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th Cir. June 5, 2002) (unpublished).

4

applies to prisoners represented by counsel.  In order to satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[8]

Here, Petitioner possibly generally alleges mental impairment as cause for any procedural inadequacies in pursuing his case.  Under Tenth Circuit case law, though, this allegation does not carry Petitioner's burden.[9]  Additionally, the volumes of post-conviction arguments and materials Petitioner has generated in the state and federal courts belie his asserted inability to pursue his post-conviction claims.  Moreover, as the Utah Court of Appeals noted, "Schultz . . . was found competent to proceed to trial by a court-ordered competency evaluation."[10]  Having determined Petitioner has not shown cause for his default, the Court need not address any possible prejudice.[11]

The Court next examines whether the narrow "miscarriage of

---

[8]*Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted); see also Gonzales, 2002 WL 1203905, at *3 ("'"Cause" must be something "external to the petitioner, something that cannot fairly be attributed to him."'") (citations omitted).

[9]*Bishop v. Colorado*, No. 00-1315, 2001 WL 460556, at *1-2 (10th Cir. May 2, 2001) (unpublished) (stating allegation of "chronic mental health disorder . . . not enough" to show cause).

[10]Schultz v. State, 2006 UT App 105, ¶ 2.

[11]See Gonzales, 2002 WL 1203905, at *3.

justice" exception spares Petitioner from the procedural bar.[12] "'[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.'"[13]  To be plausible, an actual innocence claim must be grounded on solid evidence not adduced before.[14]  Because such evidence is so rare, "'"in virtually every case, the allegation of actual innocence has been summarily rejected."'"[15]

Petitioner's possible actual innocence claim does not introduce any new evidence, but merely reargues circumstances mostly occurring before his guilty plea--e.g., his wife's accusatory statement on the witness stand--and already argued to the state courts years ago.  These arguments fall far short of the standards described in the above paragraph.

In sum, the Court concludes that all but one of Petitioner's issues are procedurally defaulted.  And, these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar.  The Court thus denies Petitioner relief on his allegations regarding his guilty plea, confession, and counsel's failure to investigate, and the exculpatory evidence withheld from him.

---

[12]Calderon v. Thompson, 523 U.S. 538, 559 (1998).

[13]Id. (citation omitted).

[14]Id.

[15]*Id.* (citations omitted).

II.  Exhausted Ineffective-Assistance-of-Counsel Issue

The Court addresses the remaining issue here:  Whether Petitioner's trial counsel provided ineffective assistance when he failed to file a direct appeal on Petitioner's behalf.

A.  Standard of Review

Section 2254, under which this habeas petition is filed, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.[16]

Under § 2254(d)(1), then, this Court may grant habeas relief only when the state court has formed "a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case."[17]  This deferential standard does not let a federal habeas court issue a writ merely because it determines on

---

[16] 28 U.S.C.S. § 2254(d) (2008).

[17] *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

its own that the state decision erroneously applied clearly established federal law.[18]  "'Rather that application must also be unreasonable.'"[19]

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[20]

Finally, "[i]t is, of course, well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of habeas."[21]  This Court must "give effect to state convictions to the extent possible under law."[22]  Still, "errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ."[23]

### B. Application of Standard of Review

In challenging the state courts' conclusion that trial counsel's performance was not ineffective, Petitioner assails

---

[18] *See id.*

[19] *Id.* (quoting *Williams*, 529 U.S. at 411).

[20] 28 U.S.C.S. § 2254(e)(1) (2008).

[21] *Williams*, 529 U.S. at 375.

[22] *Id.* at 386.

[23] *Id.* at 375.

findings of facts and legal conclusions involving the application of United States Supreme Court precedent.

First, the Court examines findings of fact challenged by Petitioner. The Utah Court of Appeals affirmed the trial court's findings of fact: that trial counsel discussed Petitioner's appeal rights with him, assessing chances of success as quite limited; that, based on that assessment, Petitioner told counsel not to file an appeal; that counsel followed Petitioner's direction not to appeal; that counsel told Petitioner to contact counsel if Petitioner changed his mind; that counsel believed Petitioner understood the conversation; and that Petitioner never later asked counsel to file an appeal. The court of appeals noted that "[t]he trial court found counsel's testimony credible, and Schultz has not challenged those findings on appeal."[24]

As noted, this Court must presume that the state court's factual findings are correct.[25] Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."[26] Petitioner has not met that burden, suggesting nothing whatsoever in the evidence that would put in question the trial court's reasoned consideration of the testimony it heard. He has merely invited this Court to take an impermissible fresh

---

[24] *Schultz*, at ¶ 9.

[25] *See* 28 U.S.C.S. § 2254(e)(1) (2008).

[26] *Id.*

look at the evidence.  Lacking due regard for the state court's findings, Petitioner has failed to persuade this Court that it should essentially overturn the state court's finding that his testimony was less credible than his counsel's testimony.

The Court now reviews Supreme Court precedent as applied by the state court.  The state court here clearly selected the correct governing Supreme Court precedent with which to analyze the ineffective-assistance-of-counsel issue at hand.[27]  "The framework for evaluating an ineffective-assistance-of-counsel claim based on counsel's failure to file a notice of appeal is set forth in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000),"[28] which is what the state court used.

And, it is based on the familiar two-pronged standard of *Strickland v. Washington*[29]:  Petitioner was first required to show that his counsel performed deficiently--i.e., he had to show that his counsel's errors were so serious that counsel was not operating as the counsel pledged Petitioner by the Sixth Amendment.[30]  This is measured by a standard of

---

[27]*Schultz*, at ¶ 10 (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)).

[28]*United States v. Alvarez-Perez*, No. 05-2068, 2006 WL 23577, at *1 (10th Cir. Jan. 5, 2006).

[29]466 U.S. at 668.

[30]*Id.* at 687.

"reasonableness under prevailing professional norms."[31]  If he cleared this hurdle, Petitioner needed to also show that his defense was prejudiced by his counsel's deficient performance.[32]

The remaining question then is whether the state court of appeals "unreasonably applied th[is] governing legal principle to the facts of the petitioner's case."[33]  To challenge a decision as unreasonably applying clearly established federal law, "a petitioner must show the state court's application of federal law was 'objectively unreasonable,' which means 'most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law.'"[34]  Further, it is insufficient to show "'that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.'"

Determining counsel's performance was not deficient, the Utah Court of Appeals deemed it necessary to analyze this case under *Strickland*'s first prong only.  The state-court analysis

---

[31]*Id.* at 688.

[32]*Id.* at 687.

[33]Walker, 228 F.3d at 1225.

[34]*Smith v. Dinwiddie*, 510 F.3d 1180, 1186 (10th Cir. 2007) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)).

under review is as follows:

> "[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (emphasis omitted) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Furthermore, trial counsel was not required to contact Schultz again to determine whether he had changed his mind. Schultz's reliance on *Meade v. Oregon State Hosp.*, No. 98-36063, 1999 WL 970537 (9th Cir. Oct. 25, 1999) (mem.), does not support a different result. Unlike the defendant in *Meade*, Schultz was not found to be legally insane. *See id.* at *4. To the contrary, Schultz was evaluated and found competent. Under these circumstances, and in light of the testimony from trial counsel that he did effectively communicate with Schultz concerning his right to appeal, we agree with the trial court that there was no continuing obligation to check back with Schultz to determine whether he had changed his mind. Schultz cannot show that trial counsel's performance was deficient and therefore we need not address the question of prejudice. *See State v. Wright*, 2004 UT App 102, ¶ 9, 90 P.3d 644 ("[B]ecause a defendant has the burden of meeting both parts of [this] test, it is unnecessary for this court to apply both parts where our inquiry reveals that one of its parts is not satisfied." (first alteration in original) (quotations and citation omitted)).[35]

Based on its research and review of the record, this Court is unconvinced that the Utah Court of Appeals has misapplied *Roe* and the first prong of *Strickland* in observing that counsel's performance was not deficient, particularly in light of the

---

[35]Schultz, at ¶ 10.

solid, effectively unchallenged, findings of fact upon which the court of appeals based its analysis. Thus, Petitioner cannot prevail on his one remaining claim of ineffective assistance of trial counsel for failure to file an appeal.

## CONCLUSION

All but one of Petitioner's claims are procedurally barred; The remaining exhausted ineffective-assistance claim--regarding failure to appeal--is without merit. IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 10th day of February, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge